

THE ATTORNEY GENERAL

OF TEXAS

GERALD C. MANN                 AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable O. P. Lockhart
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                          Opinion No. O-3979
                                   Re: The duties of a receiver and
                                   the function of the Attorney General.

        Your request for an opinion has been received by this department.
Below we set out the body of your letter.

"This letter will be accompanied by a 26-page report of the investigation
of the affairs of the Southern Underwriters and the United Employers Cas-
ualty Company of Houston, Texas, the latter now in receivership and in
process of liquidation by our Conservator, Mr. Will G. Knox.

"Please study this report and, assuming the findings can be substantiated
by legal, competent proof, please give us your opinion upon the following
points in connection with the matter reflected by such report.

"1. Was the capital stock of the United Employers Casualy Company 'sub-
scribed in good faith and fully paid for' as required by Articles 4991
and 4993?

"2. Do you think it lawful and proper for your Department to institute
and prosecute a civil action for the recovery of $250,000 subscribed
capital stock, and for such other sums as may be recovered from those
who appear to be liable therefor as reflected by the report and as may
be found by further investigation, such suit to be filed on behalf of
the State and this Board for the benefit of the creditors of the United
Employers Casualty Company?"

"3. Do you find that the provisions of any criminal or penal laws of
the State have been violated by any persons in the transactions reflect-
ed by the report, and if so, will your Department alone, or in conjunc-
tion with the proper subordinate or local prosecuting attorneys, insti-
tute and prosecute to a final conclusion the necessary criminal proceed-
ings?"

        A epitome of the report mentioned in your letter, in so far as
it concerns our question, is as follows: A, and associates, proposed to
organize and promote Y insurance Company. B, the principa. stockholder
in X Insurance Company, alledgedly loans A, and associates, money which
is deposited in a bank and represented to be subscribed and paid-up

capital stock of the Y Insurance Company. On the basis of an affidavit signed by the bank president that the money belonged to and was at the disposal of Y Insurance Company, the latter company is granted a charter and a permit to do business in this State. A and associates then agree to buy a building from X Insurance Company. On that same day, Y company withdraws by check the entire amount previously on deposit. The check is endorsed by B.

Your question numbered on inquires if Y company's capital stock was "subscribed in good faith and fully paid for" as required by statutory provisions. It is the considered opinion of this department that the question is one of cact, and, in accordance with departmental policy, we must decline to pass upon it.

Your question numbered two requests this department's opinion as whether or not it would be lawful and proper for the Attorney General to institute civil proceedings, looking to the recovery of the alleged capital stock of the company for the benefit of the creditors of the defunct concern. We have been unable to find any statutory provision commanding or authorizing this department to intercede on behalf of the creditors of a defunct insurance company. This function would appear to be the positive duty of the Liquidator provided for in Article 5068c, Vernon's Annotated Civil Statutes. The pertinent part of that Article reads:

"The said receiver and his successors in office shall be vested by operation of law with the title to all of the property, contracts and rights of action of such insurer. . . .

"Upon taking possession of the assets of a delinquent insurer the receiver shall, subject to the direction of the court, immediately proceed to conduct the business of the inqurer, or to take such steps as may be necessary to conserve the assets and protect the rights of policyholders and claimants for the purpose of liquidating, rehabilitating, reinsuring, reorganizing, or conserving the affairs of the insurer. . . ."

The capital stock of any corporation is irrevocably dedicated to the satisfaction of all the obligations the concern may assume. It is the amount of money contributed by the share owners as the financial basis for the prosecution of the corporate business. It is for the security of the public who choose to transact business with that particular concern. The liquidator or received is charged with its control and administration for the benefit of any claimant or creditor of the corporation. The State as a governmental agency has no financial interest in the capital stock. The rights of the individual claimant will be adequately protected in this situation by the statutory liquidator.

Your third question inquires if any criminal or penal statute has been violated. If so, you ask if this department will conduct a prosecution. We advise that this should be discussed with the local prosecuting attorney who is expressly charged by statute with the conduct of any criminal prosecution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

By /s/ Grundy Williams

Grundy Williams

GW:LM:egw

APPROVED NOV 4, 1941
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman